Viamar Trading Company

**Name and Address**
c/o Bruce Harrell
452 Fourth Street
Montara, California
94037-0360

E-filing

FILED
2010 JUL 26 P 1:41
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

NP

EMC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

CV 10 3264

|  |  |
|---|---|
| City of Marion, ET-AL | ) ) ) ) ) |
| **Plaintiff / Petitioner**<br>Marion, Illinois | ) ) |
| **VS.** | ) ) ) |
| Viamar Trading Company<br>Bruce Harrell | ) ) ) ) |
| **Defendant / Respondent** | ) |

**Case No.** Williamson County
Circuit Court Case # 10-LM-
State of Illinois

**Document Name:**

Notice of Removal

Administrative Procedure

Act Case

This Notice of Removal with respect to Viamar Trading Company Inc. and Bruce Harrell, herein, respectfully shows:

1.   On June 15, 2010, an action was commenced against Defendants, Viamar Trading Company and Marion Abstract Title Company, in the First Judicial Circuit Court of Illinois, County of Williamson, Case No. 10-LM-220, entitled City of Marion, Illinois, Plaintiff /vs/ Viamar Trading Company and Marion Abstract Title Company, as escrowee, Defendants.

2.   Personal service was made on Defendants, Viamar Trading Company c/o Bruce Harrell, Which was a summons and complaint and served on 6-18-2010, copies

1.

1   of which are annexed to this Notice as Exhibit B,

2   as part of the entire case file.  All copies of th

3   State file proceedings have been attached. The case

4   is in the pretrial stage presently.

5   3.  The above described action is a civil action of which

6   this court has original jurisdiction under provisions

7   of the United States Code, Title 28, Section 1441,

8   and is one that may be removed to this court by the

9   Defendants, pursuant to United States Code, Title

10  28, Sections 1331, 1332, 1333, 1441, 1443 and1985,

11  for both Civil Rights, Diversity of Citizenship and

12  Admiralty issues of the newly added Cross-Complaintants

13  who are both flesh and blood persons and corporate

14  persons, according to the following facts:

15  A.  The Defendant, Viamar Trading Company is a Nevada

16  Corporation.

17  B.  The Defendant, Marion Abstract Title Company is a

18  business in Williamson County, Illinois, and is the

19  Escrow Company involved in this case.

20  C.  The man served in this matter, Bruce Harrell, Defendant

21  is a resident of California.

22  D.  The Plaintiffs, City of Marion is a Corporation in

23  Marion, Illinois.

24  E.  The Defendants, Viamar Trading Company and Bruce

25  Harrell, and Plaintiff, The City of Marion, Illinois

26  along with its City Commissioners, Robert L. Butler,

27  Gail E. West, Jacob W. Rix, John L. Goss, Anthony

28  L. Rinella, Robert P Owens, Lannie R. Gribble and

Viamar Notice of Removal      2.

1    Steven R. Green, the City Attorney, entered into a

2    contract where the Defendant was to purchase the Marion

3    Memorial Hospital located in the City of Marion, County

4    Williamson, Illinois, from the Plaintiffs. Said contract

5    issigned and dated June 16, 2008 and the contract

6    Amendment is signed and dated October 2, 2008 and is

7    attached hereto as Exhibit A.

8  F.  Defendants, Viamar Trading Company and Bruce Harrell placed

9    $50,000.00 into an escrow account at Marion Abstract Title

10   Company.

11 G.  Plaintiffs Breached the Contract. The Defendants, Viamar

12   Trading Company and Bruce Harrell, requested that the

13   City of Marion provide the Defendants specific Lender

14   Requested Information about the Marion Memorial Hospital

15   condition and define th City of Marion's Code Violation

16   policies in order to be able to obtain a loan based on the

17   Defendant's Lender Loan Commitment. The Plaintiffs Breached

18   The contract by providing the Lender Requested Information

19   seventy nine days after this information was requested on

20   a contract that was to expire in a total of 90 days.

21   Defendants then only had five working days to perform.

22 H.  The Plaintiffs are now attempting to bring about the theft

23   of the earnest money by making Fraudulent statements to

24   the Williamson County Circuit Judicial Court in Illinois.

25 I.  The Plaintiffs have violated the Defendant's Civil Rights

26   to own property.

27 J.  Plaintiffs have entered this contract with the Willful

28   Intent to Deceive as evidenced by their seventy nine day

     Viamar Notice of Removal   3.

1  delay in producing the Lender Requested Information and
2  their unwillingness to extend the contract time to allow
3  the Defendant's lender to fund this purchase.

4  K. Plaintiffs violated Defendant's Civil Rights by denying
5  Defendants the right to a profit from their labors, n
6  negotiations with local contractors and the output of
7  capital to orchestrate this purchase and the loss of
8  profits from other real estate deals they could have
9  entered into in the meantime.

10 L. Plaintiffs further denied Defendants their Civil Rights
11 to own property by demolishing the Marion Memorial Hospital
12 permenantly removing this oppertunity.

13 M. Admiralty Law Issues
14   a. Defendant, Bruce Harrell as the owner of Viamar Trading
15   Company, delivered an Administrative International
16   Commercial Claim in Admiralty to the Plaintiffs-
17   Libelees, that document hereinafter referred to as a
18   AICCIA, dated January 10, 2010, and sent underan
19   Affidavit of Notary Presentment by USPS Registered Mail
20   # RE 370 030 444 US as evidenced by the Return Receipt
21   Request signed by Alice Rix, secretary for theCity of
22   Marion and the Sister in Law of the Plaintiff,
23   Jacob w. Rix, and dated as received on January 28, 2010.
24   The AICCIA is an Administrative Affidavit of Specific
25   Negative Averment, Opportunity to Cure and a Counterclaim.
26   The Plaintiffs were given 21 days to respond according
27   to the AICCIA document, They actually were given twenty
28   four days to respond.  The Plaintiffs did not respond.

Viamar Notice of Removal        4.

b.  Defendant, Bruce Harrell, hereinafter referred to as BH, sent a First Notice of Fault and Demand for Payment dated February 19, 2010 and delivered by USPS Certified Mail #7009 0960 0000 3292 9013 on February 23, 2010 as evidenced by the USPS Track and Confirm Statement. The Return Receipt Request was not returned to sender. The Plaintiffs did not respond.

c.  Defendant, BH, sent the Second Notice of Fault and Demand for Payment which was delivered by USPS Certified Mail # 7009 0080 0001 5437 7795, as evidenced by the Return Receipt Request signed by Alice Rix and dated March 1, 2010. The Plaintiffs did not respond.

d.  Defendant, BH, sent the Final Notice of Fault and Demand for Payment which was delivered by USPS Registered Mail #RE 370 031 011 US as evidenced by the Return Recipt Request signed by Alice Rix and dated march 11, 2010. The Plaintiffs did not respond.

e.  Defendant, Bh, sent a Notice of Final Determination and Judgment in Nihil Dicit by USPS Certified Mail # 7009 0960 0000 3292 9259 as evidenced by the Return Receipt Request signed by Alice Rix and dated March 17, 2010. The Plaintiffs did not respond. There was a clerical error on the document with respect to the date upon it.

f.  Defendant, BH, sent a corrected Notice of Final Determination and Judgment in Nihil Dicit by USPS Certified Mail # 7009 0080 0001 5437 7900 as evidenced by the Return Receipt Request signed by Alice Rix and dated March 18 , 2010. Plaintiffs did not respond.

Viamar Notice of Removal      5.

g.   Defendant, BH, sent a Notary Affidavit of Non Response
     by USPS Certified Mail # 7009 0080 0001 5437 7597 as
     evidenced by the Return Receipt Request signed by Alice
     Rix and dated March 22, 2010.  The Plaintiffs did not
     respond.

h.   Defendant, BH, sent Ray LaHood of the US Department of
     Transportation the Plaintiff's/ Libellee's Notice of
     Claim of Maritime Liens along with their respective
     Registered Mail Numbers under separate mailings on
     April 15, 2010, as follows:
     City of Marion, # RE 370 030 475 US
     Robert L. Butler, # RE 370 030 489 US
     Gail E. West, # 370 030492 US
     Jacob W. Rix, # RE 370 030 501 US
     Anthony L. Rinella, # RE 370 030 529 US
     John L. Goss, # RE 370 030 515 US
     Robert P. Owens, # RE 831 299 459 US
     Lannie Ray Gribble, #RE 831 299 402 US
     Steven R. Green, # RE 831 299 476 US

i.   Defendant BH, sent a UCC1 Financial Statement to the
     Illinois Secretary of State on April 15, 2010. The legal
     dept. for the Secretary of State's office refused to file
     those documents stating that Defendant was harassing the
     Plaintiffs and issued a Cease and Desist order.  We
     seriously suspect Collusion on the part of the
     Plaintiffs.

j.   Defendant, BH, sent a Second corrected Notice of Final

Viamar Notice of Removal     6.

1         Determination and Judgment in Nihil Dicit by USPS

2         Certified Mail # 7009 1410 0001 7373 5457 as evidenced

3         by the Return Receipt Request signed by Alice Rix

4         and dated June 2, 2010.  Plaintiffs did not respond.

5 K.    Defendant, BH, sent a Corrected Second Notary Affidavit

6         of Non Response and a Certificate of Dishonor by USPS

7         Registered Mail # RE 370 031 396 US as evidenced by the

8         Return Reweipt Request signed by Diane Pritchert and

9         dated July 9,2010.  Plaintiffs did not respond.

10

11 WHEREFORE, Defendants pray that the above action now pending

12 against them in Circuit Court of the First Judicial Circuit,

13 Williamson County, Illinois, be REMOVED from that State Court

14 and be sent to the United States District Court, Northern

15 District of California.

16

17                                      7/21/10

18    Viamar Trading Company, Inc.      Date

19    Bruce Harrell, Authorize Agent for Viamar Trading Company

20

21

22

23

24

25

26

27

28

Viamar Notice of Removal    7.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## WILLIAMSON COUNTY ILLINOIS

THE CITY OF MARION, ILLINOIS, )
    Plaintiff, )
 )
 )
vs. )   10-LM- 220
 )
 )
VIMAR TRADING COMPANY and )
MARION ABSTRACT TITLE COMPANY, )
as escrowee. )
    Defendants. )

### SUMMONS

**To the defendant:**
                       Bruce Harrell
                       Vimar Trading Company
                       452 Fourth Street
                       Montara, California 94037-0360

      You are hereby summoned to appear before this court at the Williamson County Courthouse Marion, Illinois on July 15, 2010 at 9:00 A.M. to answer the Complaint in this case, a copy of which is hereto attached. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer or process server:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, this summons may not be served less than three (3) days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

(Seal of Court)
                             WITNESS _____ 6·15 _____, 2010
                                   (Clerk of the Circuit Court)

By:_____
                           (Deputy)

Name:       Stephen R. Green
Address:    400 N. Market Street
             P. O. Box 1087
City:         Marion, IL 62959
Telephone:  (618) 993-6072

*EXHIBIT B*

**FILED**

JUN 1 5 2010

*Stuart Nall*
CLERK OF THE CIRCUIT COURT

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY ILLINOIS

THE CITY OF MARION, ILLINOIS,      )
    Plaintiff,                             )
                              )
vs.                                 )      10-LM- 220
                              )
VIMAR TRADING COMPANY and,          )
 MARION ABSTRACT TITLE COMPANY,     )
as escrowee                         )
    Defendant.                             )

## COMPLAINT

NOW COMES the Plaintiff, The City of Marion, Illinois by its attorney, Stephen R. Green, against the Defendant, Vimar Trading Company and Marion Abstract Title Company, as escrowee, and for its Complaint, states as follows:

1. The Plaintiff is an Illinois Municipal Corporation.

2. Defendant Marion Abstract is a business in Williamson County Illinois.

3. Defendant Vimar Trading Company is a business with its principle place of business in Cailfornia.

4. Plaintiff and Defendant, Vimar Trading Company, entered into a contract for the purchase of land located in Williamson County, Illinois.  Said contract is dated June 16, 2008 and its Amendment dated October 2, 2008 is attached hereto as Exhibit A.

5. Pursuant to the Amendment, the Defendant, Vimar Trading Company, was to place into escrow with Marion Abstract Title Company the sum of $50,000.00.  The Defendant, Vimar Trading Company, did place said sum in deposit.

6. Said sum would be non refundable in the event that the Defendant, Vimar Trading Company, failed to perform on the purchase of the municipal land.

7. The Defendant, Vimar Trading Company, did not close on the contract to purchase the municipal land.

8. That at no time did paragraph 4 of the contract contingency ever come into and be an excuse for performance by Defendant, Vimar Trading Company.

9. That at no time was the Plaintiff, The City of Marion, at fault for the Defendant's, Vimar Trading Company's failure to purchase the municipal land under the terms of the contract and its amendment.

10. That the City of Marion has demanded the escrow proceeds.

11. That the Defendant, Vimar Trading Company has demanded from the escrow agent the escrow funds.

WHEREFORE, the Plaintiff, The City of Marion, prays for Judgment against the Defendant, Vimar Trading Company, that it is in Breach of Contract for the purchase of land and for an Order directing the Defendant escrowee, Marion Abstract Title Company, to surrender to Plaintiff the escrow funds, for the costs of suit and such other relief the Court deems just.

The City of Marion, Illinois, Plaintiff

Stephen R. Green

The Law Offices of
ARMSTRONG & GREEN
400 N. Market St.
P.O. Box 1087
Marion, IL 62959
(618) 993-6072
Stephen R. Green #6201256

# Contract to Purchase Municipal Land

THIS AGREEMENT, made as of the 16th day of June, 2008, by and between Viamar Trading Company, having its principal place of business in Montara, California, ( hereinafter referred to as the "Buyer"); and THE CITY OF MARION, a municipal corporation existing within the County of Williamson and State of Illinois, (hereinafter referred to as the "Seller");

WITNESSETH:

In consideration of the Purchase Price described in Paragraph 1(a) hereof, and subject to the further terms and conditions set forth herein, the Seller hereby agrees to sell and convey, and the Buyer hereby agrees to purchase, the Old Municipal Hospital that has a common street address of 917 West Main Street, Marion, Illinois: Title to the Premises will be conveyed free and clear of all encumbrances, liens, taxes or exceptions to title.

## 1. CONSIDERATION

The Purchase Price for the Premises shall be $900,000.00, which the Buyer agrees to pay in cash or by certified check or bank draft on the date of the closing of title and upon delivery of the deed as hereinafter provided. This purchase is for all the Hospital structures sitting on approximately 5.0 acres of land

## 2. INITIAL DEPOSIT

Buyer to deposit the Earnest Money sum of $25,000.00 into an escrow at Marion Abstract Title Company by Wednesday, June 25, 2008. This earnest money is to be nonrefundable unless the sale is not completed at the fault of the City of Marion or as covered under Paragraph 4 herein.

## 3. DEED

The deed of conveyance to the Premises shall be in the form of a Warranty Deed in the usual form, which shall be duly executed, acknowledged and delivered, all at the Seller's expense, conveying the title in and to the Premises to the Buyer, free and clear of all encumbrances, liens, taxes and exceptions to the title. The Seller shall pay any conveyance tax due in connection with this transaction.

## 4. TITLE

(a) It is further understood and agreed that if, on the date herein set for the closing of title, the Seller shall be unable to convey the title to the Premises to the Buyer, free and clear of all encumbrances, liens, taxes or exceptions to title, then, the Seller shall have a further period of thirty days within which to perfect title. If, at the end of said period, the Seller is still unable to convey title to the Premises free and clear of all encumbrances, liens, taxes or, exceptions to title, the Buyer may elect to accept such title as the Seller can convey, or may reject the deed conveying such title on that ground. Upon such rejection, all sums held by the title company on account hereof, shall be returned to the Buyer promptly. The Buyer agrees to obtain a title report and notify the Seller within fifteen business days whether the title is acceptable or not, and if title is not acceptable to the Buyer, the Seller agrees to have the title company refund the earnest money to the buyer. In the event that said title is clear as of said date, and from and after said date the title becomes encumbered or otherwise clouded such that the Seller is unable to convey clear title at closing as required hereunder, then the Seller after obtaining the Buyers permission can cancel the sale and return the earnest money to the Buyer.

Page 1 of 3

EXHIBIT

A

## 5. ENTIRE AGREEMENT

It is understood and agreed that this written Agreement constitutes the entire agreement between the parties hereto, and that no oral statements or promises, and no understandings not embodied in this writing, shall be valid or binding. Any other provisions need to be agreed upon and signed by both parties.

## 6. CLOSING

It is agreed by the parties hereto that the Closing shall take place at Marion Abstract Title Company in 15 business days after the signing of this agreement.

## 7. SELLER RESTRICTIONS:

The following restrictions to ownership is to be included on the Grant Deed and applies to all subsequent owners: "The Grantee covenants and agrees that the premises will never be used as a "halfway house" for the rehabilitation of ex-convicts or sex offenders, hospital emergency care services, alcohol/ drug rehab services, however, all forms of psychiatric care are permitted. If the Buyer sells or assigns this property to another Buyer, then these Seller restrictions will be added to the Grant Deed".

## 8. BUYER CONTINGENCY:   NONE

Buyer inspections of the property have been completed and are hereby approved by the buyer.

## 9. EFFECT AND ASSIGNMENT

The covenants and agreements herein are to be binding upon and inure to the benefit of the parties hereto, their respective heirs, representatives, successors and assigns and shall survive the delivery of the deed hereunder. This Agreement constitutes the entire agreement between the parties and may not be changed except in writing signed by both the Buyer and Seller. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders. Buyer has the right to assign or sell this property with the same Seller Restrictions as present under Paragraph 7 above.

## 10. NO VIOLATIONS

The Seller represents that to the best of its knowledge, at the time of the closing of title, there shall exist no violations of government (including environmental and zoning and planning) rules, regulations or limitations, unless same have become legally nonconforming, and no violations of any restrictive covenant, agreement or condition subject to which the title is to be conveyed in accord with the terms hereof, with the exception that the seller has disclosed the presence of asbestos in the building and the buyer accepts receipt of that information.

## 11. OWNERSHIP

Seller represents that at the signing of this Contract, the Seller is the recorded fee simple owner of the Premises being conveyed herein and is not under any incapacity which prevents it from entering into this Agreement or complying with the terms thereof.

## 12. ACCESS

The Buyer or his agents, servants, employees have the right to enter upon the Premises for the purpose of inspecting and surveying the same after contacting the Mayor to obtain his permission and the cooperation of the building maintenance people. Buyer agrees to repair any damages caused by its staff and to indemnify the Seller and hold it harmless from any and all claims of any and every nature and description arising from or out of their entrance onto the Premises by the Buyer, its agents, servants and/or employees.

Page 2 of 3

### 13. BROKER

The parties hereto recognize that there was no agent or broker who negotiated the sale of the Premises. This Agreement is consummated by the Seller in reliance on the representation of the Buyer that no broker or agent brought the Premises to the Buyer's attention or was, in any way, a procuring cause of this sale and purchase. The Seller represents to the Buyer that no broker or agent represented the Seller in the sale of the Premises to the Buyer or has any exclusive sale or exclusive agency listing on the Premises. The Buyer hereby agrees to indemnify and hold harmless the Seller against the claim of any broker or agent for a commission due by reason of this sale, where it is judicially determined that said broker or agent called the Premises to the Buyer's attention or interested Buyer therein. Any indemnity contemplated within this Paragraph 13 shall include without limitation, all reasonable costs of defending any such claim, including reasonable attorney's fees. Further, such indemnity action shall be venued in Williamson County, Illinois. The provisions of this paragraph shall survive the delivery of the deed hereunder.

### 14. RIGHT OF FIRST REFUSAL

There is a contiguous parcel of land that is approximately one and one half acres that is being sold separately by the City of Marion. If that sale not completed, the buyer has the right of first refusal to purchase this land parcel.

### 15. NOTICES

Any notice provided for by this Agreement and any other notice or communication which either party may wish to send to the other (collectively "Notices") shall be in writing and given by personal delivery or sent by United States registered or certified mail, return receipt requested, in a properly sealed envelope, postage-prepaid, addressed to the party for which such notice is intended, at such party's address set forth below or at any other address provided in writing by such party to the other by notice complying with this Section 16:

If to Buyer, to:
Viamar Trading Company, 452 Fourth Street, Montara, California, 94037-0360
Attention: Bruce Harrell

If to the Seller, to:
City of Marion, 1102 tower Square Plaza Marion, Illinois, 62959
Attention: Mayor Robert Butler

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals on the day(s) and in the year hereinbefore indicated.

SELLER:  CITY OF MARION

Robert Butler, Its Mayor

BUYER: VIAMAR TRADING COMPANY          6/27/08

Viamar Trading Company

Page 3 of 3

AMENDMENT TO THE
CONTRACT TO PURCHASE MUNICIPAL LAND
DATED 16th DAY OF JUNE 2008

Whereas the Contract To Purchase Municipal Land dated the 16th day of June 2008, has expired by its own terms, and

Whereas the parties wish to extend the closing of the contract and modify certain terms of the contract stated herein,

Now therefore, in consideration of the City of Marion extending the Contract To Purchase Municipal Land dated the 16th day of June 2008, the parties agree as follows:

Paragraph 2 of the Contract To Purchase Municipal Land dated the 16th day of June 2008 is hereby amended to read as follows:

    2. INITAIL DEPOSIT
    Buyer to deposit Earnest Money in the sum of $50,000.00 into an escrow account with Marion Abstract Title Company by October 2, 2008. This earnest money is nonrefundable unless the sale is not completed at the fault of the City of Marion or as covered under paragraph 4 of the Contract To Purchase Municipal Land dated the 16th day of June 2008.

    6. CLOSING
    It is agreed by the parties hereto that the Closing shall take place at Marion Abstract Title Company within 90days from October 2, 2008.

In all other respects the Contract To Purchase Municipal Land dated the 16th day of June 2008 shall remain in force and effect.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this Amendment this ___ day of ___, 2008.

SELLER: CITY OF MARION

Robert L. Butler, Mayor

BUYER: VIAMAR TRADING COMPANY

By Its Representative

**UNITED STATES**
**POSTAL SERVICE** ®

**CUSTOMER'S RECEIPT**

SEE BACK OF THIS RECEIPT
FOR IMPORTANT CLAIM
INFORMATION

**NOT**
**NEGOTIABLE**

Pay to _WILLIAMSON COUNTY_
Address _CIRCUIT COURT CLE_ KEEP THIS RECEIPT FOR YOUR RECORDS
_MARION ILLINOIS_

Serial Number
**17071242153**

| Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|
| 2010-07-07 | 940370 | $98.00 | 0006 |

_filing fee for_
_answer to complaint +_
_notice of Removal to Fed Ct._

_answer_
_TO_
_Complaint_
_removal Doc_

**U.S. Postal Service**
**CERTIFIED MAIL — RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ $1.05 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $6.15 |

Postmark 06
Here 07/13/2010

Sent To _Williamson County Circuit_
Street, Apt. No.; or PO Box No. _court clerk_
City, State, ZIP+4 _Marion Illinois_

PS Form 3800, August 2006    See Reverse for Instructions

7009 1410 0001 7373 5488

## Track & Confirm

Label/Receipt Number: **7009 1410 0001 7373 5488**
Class: **First-Class Mail**®
Service(s): **Certified Mail**™
          **Return Receipt**
Status: **Delivered**

Your item was delivered at 10:42 AM on July 13, 2010
in MARION, IL 62959.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Chenoweth*   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
*Chenoweth*   7-13-10

1. Article Addressed to:

WILLIAMSON COUNT
CIRCUIT COURT CLERK
200 W. JEFFERSON
MARION, ILLINOIS
62959-2494

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7009 1410 0001 7373 5488

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

A. ANSWER TO COMPLAINT

B. NOTICE OF REMOVAL
TO
FEDERAL COURT
—AN FRANCISCO BAY AREA
+ Court case

---

MONTARA MPO
MONTARA, California
940379998
0567830168 -0098
07/12/2010   (650)728-5251   01:56:31 PM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| MARION IL 62959 Zone-7 First-Class Letter 0.70 oz. | | | $0.44 |
| Expected Delivery: Thu 07/15/10 Certified | | | |
| Label #: 70091410000173739844 | | | $2.80 |
| Issue PVI: | | | $3.24 |
| | | | ======= |
| Total: | | | $3.24 |
| Paid by: | | | |
| Cash | | | $3.25 |
| Change Due: | | | -$0.01 |

Order stamps at USPS.com/shop or call
1-800-Stamp24. Go to USPS.com/clicknship

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.44 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $3.24 |

Sent To CITY OF MARION
Street, Apt. No.; or PO Box No. 1102 TOWER SQ PLAZA
City, State, ZIP+4 MARION, IL, 62959

PS Form 3800, August 2006   See Reverse for Instructions

# AFFIDAVIT OF NOTARY PRESENTMENT

## CERTIFICATION OF MAILING

State of California   )
                         ) ss.
County of San Mateo)

On this __9__ day of __July_____, 20 _10_, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that Walter Bruce Harrell appeared before me with the following documents listed below.  I, the undersigned notary, personally verified that these documents were placed in an envelope and sealed by me. They were sent by United States Post Office Certified Mail receipt number 7009 1410 0001 7373 5488 to:

**Williamson Circuit Court Clerk**
200 West Jefferson Street
Marion, IL
62959-2415

|   |   | Number of Pages |
|---|---|---|
| 1. | NOTARY PRESENTMENT | 1 |
| 2. | ANSWER TO COMPLAINT # 10-LM-220 | 2 |
| 3. | NOTICE OF REMOVAL, ADMINISTRATIVE PROCEDURE ACT | 5 |
| 4. | MONEY ORDER FOR $98 FILING FEE QUOTED | 1 |
| 5. | JURAT | 1 |

CHERI CHARLES
Comm. 1832803
Notary Public-California
San Mateo County
Comm. Expires Jan 23, 2013

**(Seal)**

WITNESS my hand and official seal.

_Cheri Charles_ _7/9/10_
NOTARY PUBLIC           DATE

My commission expires: ___Jan  23___, 20 _13_

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## WILLIAMSON COUNTY ILLINOIS

THE CITY OF MARION, ILLINOIS,       )
    Plaintiff,                  )
                          )
                          )          10-LM-220
vs.                                 )
                          )
VIAMAR TRADING COMPANY and,         )
MARION ABSTRACT TITLE COMPANY,      )
As escrowee                         )
    Defendants,                 )

## ANSWER TO COMPLAINT

NOW COMES the Defendants, Viamar Trading Company and Bruce Harrell
and their answers to this Complaint, states as follows:

1. Correct, the Plaintiff is an Illinois Municipal Corporation.

2. Correct, the Defendant, Marion Abstract is a business in Williamson
   County, Illinois.

3. Not Correct, the Defendant, Viamar Trading Company is a Nevada
   Corporation.

4. Not Correct, the Plaintiff and Defendants entered into a contract for the
   purchase of the Marion Memorial Hospital and also its land located in
   Williamson County, Illinois. Said contract is dated June 16, 2008 and its
   Amendment is dated October 2, 2008.

5. Correct, Defendant placed $50,000.00 into Marion Abstract Title
   Company.

6. The Defendants earnest money was nonrefundable if Defendant failed to
   complete the sale and fund the deal on time, with the exception of the
   following contract Amendment Quote, " This earnest money is
   nonrefundable unless the sale is not completed at the fault of the City of
   Marion or as covered under paragraph 4 of the Contract to Purchase
   dated 16th day of June, 2008.

7. The Defendant failed to complete the purchase under the contract due to the failure of the City of Marion to provide lender requested information in a timely manner.

8. This statement is Not Correct. Later evidence proves that the title was encumbered by several lawsuits prior to the closing date of my contract.

9. Not Correct. The City of Marion received from the Defendant, a lender request for information on October 8th 2008, regarding a request for existing Code Violations, Mold Infestation and Asbestos Problems associated with the Marion Memorial Hospital. That information was needed to process the conditional loan commitment held by the Defendant. The City of Marion provided that information to the Defendant seventy nine days later on December 26th 2008 by fax. The Defendant then had seven (7) calendar days to fund this purchase, which was impossible at best under the circumstances.

10. Correct, the Plaintiff demanded that the escrow agent hand over the earnest money.

11. Correct, the Defendant demanded that the escrow agent hand over the earnest money.

12. The Defendants in this case are removing this case to the District Federal Court in the San Francisco Bay Area as is their right under Federal Law, which has precedent over this case.

Bruce Harrell for Viamar Trading Company
Defendant and Counter Claimant

7/9/10
Date

Viamar Trading Company, Inc
c/o  Bruce Harrell
In Pro-Per Persona
452 Fourth Street
Montara, California, 94037-0360
650-728-7423

## DISTRICT COURT FOR THE UNITED STATES
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO BAY AREA

## NOTICE OF REMOVAL
## ADMINISTRATIVE PROCEDURE ACT CASE

This Notice of Removal with respect to Viamar Trading Company Inc. and
Bruce Harrell, herein, respectfully shows:

1.  On June 15, 2010, an action was commenced against defendants
    Viamar Trading Company and Marion Abstract Title Company, in the
    First Judicial Circuit Court of Illinois, County of Williamson, Case
    No. 10-LM-220, entitled City of Marion, Illinois, Plaintiff /vs/
    Viamar Trading Company and Marion Abstract Title Company, as
    escrowee, Defendants.

2.  Personal service was made on defendant, Viamar Trading Company
    c/o Bruce Harrell, which was a summons and complaint and served on
    6-18-2010, copies of which are annexed to this notice as Exhibit A, as
    part of the entire case file. All copies of the state court file
    proceedings have been attached. The case is still in the pretrial stage
    and defendant, Viamar Trading Company, is ready for a jury trial or
    summary judgment.

3.  The above-described action is a civil action of which this court has
    original jurisdiction under the provisions of the United States Code,
    Title  28, Section §1441, and is one that may be removed to this court
    by defendants, pursuant to United States Code, Title 28, Section
    **§1331, §1332, §1333, §1441, §1443** and **§1985**, for both civil rights,
    diversity of citizenship and admiralty issues of newly added cross-

complainants, who are both flesh and blood persons and corporate persons, according to the following facts:

1. The Defendant, Viamar Trading Company is a Nevada Corporation.

2. The Defendant, Marion Abstract Title Company is a business in Williamson County, Illinois, and is the Escrow Company involved in this case.

3. The man served in this matter, Bruce Harrell, Defendant is a resident of California.

4. The Plaintiffs, City of Marion, Illinois, Robert L Butler, Gail E West, Jacob W Rix, John L Goss, Anthony L Rinella, Robert P Owens, Lannie Ray Gribble and Steven R Green, Esq are all residents and doing business in Illinois.

5. The Defendants, Viamar Trading Company and Bruce Harrell, and Plaintiffs, The City of Marion, Illinois, Robert L Butler, Gail E West, Jacob W Rix, John L Goss, Anthony L Rinella, Robert P Owens, Lannie Ray Gribble and Steven R Green, entered into a contract where the Defendant was purchasing the Marion Memorial Hospital and associated land located in Williamson County, Illinois from the Plaintiffs.. Said contract is dated June 16, 2008 and the Amendment to that contract is dated October 2, 2008 and is attached hereto as Exhibit B.

6. Defendants, Viamar Trading Company and Bruce Harrell placed $50,000.00 into escrow at Marion Abstract Title Company.

7. Plaintiffs Breached our Contract. The Defendants, Viamar Trading Company and Bruce Harrell, requested that the City of Marion provide the Defendants specific Lender Requested Information about the Marion Memorial Hospital condition and define the City of Marion's policies in order to be able to obtain a loan based on the Defendant Lender's Loan Commitment. The Plaintiffs provided the Defendants the Lender Requested Information seventy nine days after it was requested. Defendants only then had five working days under the

contract to fund the project, making it impossible for the Defendant's Lender to perform and close on time.

8.  The Plaintiffs are now attempting to bring about the theft of the Defendants, Viamar Trading Company and Bruce Harrell's, Earnest Money held in escrow at Marion Abstract Title Company by making fraudulent statements to the court regarding the facts of the case.

9.  The Plaintiffs have violated my civil right to own property.

10. Plaintiffs have entered into this contract with the Willful Intent to Deceive as evidenced by their seventy nine day delay in producing the Lender Requested Information and their unwillingness to extend the contract time to allow the Defendant's lender to fund this sale in a reasonable period of time after their willful delay did not allow the funding to take place.

11. Plaintiffs violated Defendant's Civil Rights by denying Defendants the right to a profit from their labors, negotiations with contractors and the output of capital to orchestrate this purchase and the loss of profits from other real estate deals they could have entered in the meantime.

12. Plaintiffs further denied the Defendant's their Civil Rights to own property further by demolishing the Marion Memorial Hospital, so that the City of Marion Councilmen could profit by having the City of Marion pay for the expense of demolishing the building and also profit from the sale of the salvaged building materials, all of which they profited by Fraudulently being on both sides of their Demolishing contract negotiations.

13. Admiralty Law Issues
    a. Defendant, Bruce Harrell as the owner of Viamar Trading Company, sent an Administrative International Commercial Claim in Admiralty to the Plaintiffs / Libellee's, hereinafter referred to as a AICCIA, dated January 10, 2010, under an Affidavit of Notary Presentment by USPS Registered Mail # RE 370 030 444 US as evidenced by the Return Receipt Request signed by Alice Rix, the secretary for the City of Marion and the sister-in-law of the Plaintiff, Jacob W Rix, and dated as received on January 28, 2010. The AICCIA is an Administrative Affidavit of Specific Negative Averment, Opportunity to Cure and a

Counterclaim. The Plaintiffs were given 21 days to respond according to the AICCIA document, they received twenty four days to respond. The Plaintiffs did not respond.

b.  Defendant, Bruce Harrell, hereinafter referred to as BH, sent a First Notice of Fault and Demand for Payment dated February 19, 2010 and delivered by USPS Certified Mail # 7009 0960 0000 3292 9013 on February 23, 2010 as evidenced by the Track and Confirm USPS statement. The Return Receipt Request was not returned. The Plaintiffs did not respond.

c.  Defendant, BH, sent the Second Notice of Fault and Demand for Payment which was delivered by USPS Certified Mail # 7009 0080 0001 5437 7795, as evidenced by the Return Receipt Request signed by Alice Rix and dated March 1, 2010. The Plaintiffs did not respond.

d.  Defendant, BH, sent the Final Notice of Fault and Demand for Payment which was delivered by USPS Registered Mail # RE 370 031 011 US as evidenced by the Return Receipt Request signed by Alice Rix and dated March 11, 2010. The Plaintiffs did not respond.

e.  Defendant, BH, sent a Notice of Final Determination and Judgment in Nihil Dicit by USPS Certified Mail # 7009 0960 0000 3292 9259 as evidenced by the Return Receipt Request signed by Alice Rix and dated March 17, 2010. The Plaintiffs did not respond. There was an error on the document with respect to a date.

f.  Defendant, BH, sent a corrected Notice of Final Determination and Judgment in Nihil Dicit by USPS Certified Mail # 7009 0080 0001 5437 7900 as evidenced by the Return Receipt Request signed by Alice Rix and dated March 18, 2010. The Plaintiffs did not respond.

g.  Defendant, BH, sent a Notary Affidavit of Non Response by USPS Certified Mail # 7009 0080 0001 5437 7597 as evidenced by the Return Receipt Request signed by Alice Rix and dated March 22, 2010. The Plaintiffs did not respond.

h.  Defendant, BH, sent Ray LaHood of the US Department of Transportation the Plaintiff's/ Libellee's Notices of Claim of Maritime

Liens along with their respective Registered Mail Numbers under
separate mailings on April 15, 2010, as follows:
City of Marion, # RE 370 030 475 US
Robert L. Butler, # RE 370 030 489 US
Gail E. West, # RE 370 030 492 US
Jacob W. Rix, # RE 370 030 501 US
Anthony L. Rinella, # RE 370 030 529 US
John L. Goss, # RE 370 030 515 US
Robert P. Owens, # RE 831 299 459 US
Lannie Ray Gribble, # RR 831 299 402 US
Steven R. Green, # RR 831 299 476 US

I.   Defendant, BH, sent a UCC1 Financial Statement to the Secretary of
     State, Illinois on April, 15,2010.  The Secretary of State's legal dept.
     sent back a letter refusing to file that document stating that Defendant
     was harassing the Plaintiffs and issued a Cease and Desist order.

J.   Defendant, BH, sent Second Notice of Final Determination and
     Judgment in Nihil Dicit by USPS Certified Mail # 7009 1410 0001
     7373 5457 as evidenced by the Return Receipt Request signed by Alice
     Rix and dated June 2, 2010. The Plaintiffs did not respond.

K.   Defendant, BH, mailed a Second Notary Affidavit of Non Response
     and Certificate of Dishonor by USPS Registered Mail # RE 370 031
     396 US on 6-28-2010.

L.   Defendant, BH, mailed the Third Notary Affidavit of Non Response
     and Certificate of Dishonor by USPS Certified Mail #7009 1410 0001
     7373 5488 on July 8th 2010 because the post office has not delivered the
     Registered mail, it is stuck in Chicago.

WHEREFORE, defendant prays that the above action now pending against
him in the Circuit Court of the First Judicial Circuit, Williamson County,
Illinois, be removed from your State Court and be sent to the District Federal
Court of the San Francisco Bay Area.

Dated: 7/9/10

Bruce Harrell