IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY OF MARION, ILLINOIS,

    Plaintiff,

No. C 10-03264 JSW

v.

VIAMAR TRADING COMPANY and
MARION ABSTRACT TITLE COMPANY,

**ORDER**

    Defendants.

_____/

On June 15, 2010, plaintiff City of Marion, Illinois ("Plaintiff") filed this action against defendants Viamar Trading Company ("Viamar Trading") and Marion Abstract Title Company ("Marion Abstract") in the First Judicial District Circuit of Marion County, Illinois. On July 26, 2010, Viamar Trading removed this action through a non-attorney, Bruce Harrell, to *this* Court in California, as opposed to a district court in Illinois. Viamar Trading's removal was improper for a number of reasons, including that, pursuant to 28 U.S.C. § 1441(a), defendants may only remove actions to the "district court of the United States for the district and division embracing the place where such action is pending." Moreover, as a company, Viamar Trading may only act through counsel, Viamar Trading appears to have removed this action after the thirty-day time period had expired, and Viamar Trading failed to include the other defendant in removing this action. Artificial entities may appear in the federal courts only through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *see also* Civ. L.R. 3-9 ) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.").

Finally, there is no federal jurisdiction over this action. Federal courts are courts of limited jurisdiction and have a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Plaintiff only brings a state law claim, and complete diversity between the parties is lacking. Therefore, the Court HEREBY REMANDS this action to the First Judicial District Circuit of Marion County, Illinois. The Clerk shall close this Court's file.

**IT IS SO ORDERED.**

Dated: September 21, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CITY OF MARION,

        Plaintiff,

  v.

VIAMAR TRADING COMPANY et al,

        Defendant.

Case Number: CV10-03264 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Viamar Trading Company  
c/o Bruce Harrell  
452 Fourth Street  
Montara, CA 94037-0360

Dated: September 21, 2010

*Jennifer Ottolini*  
Richard W. Wieking, Clerk  
By: Jennifer Ottolini, Deputy Clerk